IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 08-0431 |
| ) | |
| ARTHUR C. WITHERINGTON and PINA ) | |
| D. WITHERINGTON a/k/a PINA H. ) | |
| WITHERINGTON d/b/a PINA'S MOBILE ) | |
| HOME PARK ) | |
| ) | |
| Defendants. ) | |
| ) | |

### COMPLAINT AND DEMAND FOR JURY TRIAL

The United States of America alleges as follows:

### NATURE OF ACTION

1. This is a civil action brought by the United States to enforce the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq.* ("the Act"). It is brought on behalf of Hope I. Watkins and her three children, pursuant to Section 812(o) of the Fair Housing Act, 42 U.S.C. § 3612(o), and pursuant to Section 814(a) of the Fair Housing Act, 42 U.S.C. § 3614(a).

### JURISDICTION AND VENUE

2. This court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. §§ 3612(o) and 3614(a).

3. Venue is proper under 28 U.S.C. § 1391(b), in that the events giving rise to this action

occurred in this judicial district.

## PARTIES

4. Defendants Pina D. Witherington and Arthur C. Witherington at all times relevant to this complaint were the joint owners, agents, and mangers of Pina's Mobile Home Park, which is located at 1105 Whispering Pine Road, Daphne, Baldwin County, Alabama 36526 ("the subject property"). The subject property was operated by the Defendants as a sole proprietorship, which rented mobile homes and lots. Defendants also had employees who assisted with rentals and maintenance.

5. The subject property had sixty lots, and these lots were dwellings within the meaning of the Fair Housing Act, 42 U.S.C. § 3602(b).

## FACTUAL ALLEGATIONS

6. At all relevant times, Complainant Hope I. Watkins was a single mother of three minor children: a daughter, age 17; a son, age 15; and, a son, age 7. Ms. Watkins and her children are all "aggrieved persons" as defined by the Act. 42 U.S.C. § 3602(i).

7. In February 2006, Ms. Watkins learned that the mobile home park in which she lived had been bought and that she would need to move.

8. In February 2006, Ms. Watkins met with Defendant Pina H. Witherington and inquired about the availability of a lot at the subject property. Ms. Witherington told Ms. Watkins that there were vacancies, the monthly lot rental rate was $175.00, and that there was a $300.00 entrance fee. Ms. Witherington asked Ms. Watkins if she had any children. When Ms. Watkins told her she did, Ms. Witherington told her that children

were an additional charge of $15.00 each per month, and when they reached age 18, the amount would be raised to $30.00 per month. After hearing this, Ms. Watkins thanked Ms. Witherington and left.

9. On or about March 1, 2006, Ms. Watkins received written notice that she had 180 days to vacate the lot she was renting because the property had been sold by the owner to a residential developer.

10. On April 28, 2006, Ms. Watkins revisited the subject property to again inquire about applying for and renting a lot for her mobile home. Ms. Watkins spoke with Mr. Witherington and told him that she wanted to rent a lot from Defendants for her mobile home. Mr. Witherington asked Ms. Watkins if she had any children, and if so, their sexes and ages. Ms. Watkins stated: "Yes," and she explained that she had three children: a daughter, age 17, and two sons, who were 15 and 7 years old. Mr. Witherington told Ms. Watkins that they did not allow more than two children when a new family was moving in to the mobile home park.

11. During this visit, Mr. Witherington told Ms. Watkins that there were no lots available.

12. Ms. Watkins and Mr. Witherington went to speak with Ms. Witherington. Ms. Witherington discussed the monthly lot price and told Ms. Watkins about the additional monthly rental fees for children. Ms. Witherington also asked about the ages and sex of each of Ms. Watkins' children. Ms. Witherington stated that their rules allowed only two children per mobile home.

13. Ms. Watkins asked for an application and Defendants gave one to her. Ms. Watkins

3

also asked for a copy of the property rules. Defendants told her they had only one copy of the rules available for her to read and that their copiers were not working. Ms. Watkins read that copy and returned it to Defendants before she left. Ms. Watkins returned the completed application to Defendants later that same day.

14. A few days later, Ms. Watkins called Defendants to inquire as to the status of her application. Ms. Witherington told Ms. Watkins that she had "too many children."

15. Rule #5 of the subject property's rules states: "We only allow two children per family when a new family moves in." That rule and the rules relating to additional fees for children had, according to Mr. Witherington, been in place for some thirty years.

16. On or about April 19, 2007, Ms. Watkins filed a timely complaint with the United States Department of Housing and Urban Development ("HUD"), pursuant to the Fair Housing Act, alleging discrimination on the basis of race and/or color and familial status.

17. Pursuant to 42 U.S.C. §§ 3610(a) and (b), the Secretary of HUD conducted and completed an investigation of the complaint, attempted conciliation without success, and prepared a final investigative report. Based on the information gathered in the investigation, the Secretary, pursuant to 42 U.S.C. § 3610(g)(1), determined that reasonable cause existed to believe that illegal discriminatory housing practices had occurred. Therefore, on June 5, 2008, the Secretary issued a Charge of Discrimination, pursuant to 42 U.S.C. § 3610(g)(2)(A), charging the Defendants with engaging in discriminatory practices on the basis of familial status in violation of the

Fair Housing Act. On the same day, HUD issued a No Cause Determination with regard to the allegations of discrimination on the basis of race and/or color.

18. On or about June 23, 2008, Ms. Watkins elected to have the claims asserted in HUD's Charge of Discrimination resolved in a civil action, pursuant to 42 U.S.C. § 3612(a).

19. On or about June 30, 2008, the Chief Administrative Law Judge issued a Corrected Notice of Election and Judicial Determination and terminated the administrative proceeding on Ms. Watkins' complaint.

20. Following this Notice of Election, the Secretary of HUD authorized the Attorney General to commence a civil action, pursuant to 42 U.S.C. § 3612(o).

21. During HUD's investigation, Ms. Witherington admitted that she had met with Ms. Watkins twice and had told her that they allowed only two children per family and that they charged extra fees for children.

22. During HUD's investigation, the Defendants admitted that at least one lot was available for rental at the time Ms. Watkins sought to rent a lot from the Defendants.

## COUNT I

23. The Defendants, through the above-referenced actions, did:

    a. Discriminate against Hope I. Watkins and her three minor children by refusing to rent after the making of a bona fide offer, refusing to negotiate for the rental of, or by otherwise making unavailable or denying a dwelling to any person because of familial status, in violation of 42 U.S.C. § 3604(a);

    b. Discriminate against Hope I. Watkins and her three minor children in the terms, conditions, or privileges of rental of a dwelling; or in the provision of

5

        services or facilities in connection therewith, because of familial status, in violation of 42 U.S.C. § 3604(b);

   c.   Discriminate against Hope I. Watkins and her three minor children by making, printing, or publishing, or causing to be made, printed, or published any notice, statement, or advertisement, with respect to the rental of a dwelling that indicates any preference, limitation, or discrimination based on familial status, or an intention to make any such preference, limitation, or discrimination, in violation of 42 U.S.C. § 3604(c); and

   d.   Discriminate against Hope I. Watkins and her three minor children by representing to them because of familial status that a dwelling was not available for rental when such dwelling was in fact so available, in violation of 42 U.S.C. § 3604(d).

24.   The Defendants' actions and statements described in the preceding paragraphs were intentional, willful, and taken in disregard for the rights of Ms. Watkins and her minor children.

## COUNT II

25.   The Defendants' discrimination on the basis of familial status, as described above, constitutes:

   a.   A pattern or practice of resistance to the full enjoyment of rights granted by the Fair Housing Act, in violation of 42 U.S.C. § 3614(a); and/or

   b.   A denial to a group of persons of rights granted by the Fair Housing Act, which raises an issue of general public importance, in violation of 42 U.S.C. §

3614(a).

26. In addition to Ms. Watkins and her minor children, there may be other victims of the Defendants' discriminatory actions and practices who are "aggrieved persons" as defined in 42 U.S.C. § 3602(i). These persons may have suffered damages as a result of the Defendants' discriminatory conduct.

27. The Defendants' actions and statements described in the preceding paragraphs were intentional, willful, and taken in disregard for the rights of others.

## PRAYER FOR RELIEF

WHEREFORE, the United States prays that the Court enter an order that:

1. Declares that the Defendants' discriminatory policies and practices as set forth above violate the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq.*;

2. Enjoins the Defendants, their agents, employees, successors, and all other persons in active concert or participation with any of them from discriminating on the basis of familial status, in violation of the Fair Housing Act;

3. Awards monetary damages to Ms. Watkins and her three children and each other person injured by the Defendants' conduct, pursuant to 42 U.S.C. §§ 3612(o)(3) and 3614(d)(1)(B); and

4. Assesses civil penalties against the Defendants in the amounts authorized by 42 U.S.C. § 3614(d)(1)(c), to vindicate the public interest.

The United States further prays for such additional relief as the interests of justice may require.

THE UNITED STATES DEMANDS TRIAL BY JURY.

Dated: July 23, 2008

<div style="float:right">

MICHAEL B. MUKASEY
Attorney General

*Grace Chung Becker / jke*
GRACE CHUNG BECKER
Acting Assistant Attorney General
Civil Rights Division

STEVEN H. ROSENBAUM
Chief
ELIZABETH A. SINGER
Director, U.S. Attorneys' Fair Hous. Prog.
United States Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section
950 Pennsylvania Avenue, N.W.
Northwestern Building, 7th Floor
Washington, DC 20530
Tel: (202) 514-6164
Fax: (202) 514-1116
Elizabeth.Singer@usdoj.gov

</div>

DEBORAH J. RHODES
United States Attorney
Southern District of Alabama

EUGENE A. SEIDEL
Acting First Assistant United States Attorney
63 S. Royal Street, Suite 600
Mobile, Alabama 36602
Tel: (251) 441-5845
Fax: (251) 441-5051
Eugene.Seidel@usdoj.gov